# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | )  |
|---|---|
| **Jason Leopold,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 1:14-cv-00168 (APM) |
| | ) |
| **Department of Justice,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

At issue in this case, in part, is a single Department of Justice White Paper, dated May 25, 2011 (the "White Paper"), which Defendant Department of Justice ("DOJ") partially disclosed to Plaintiff Jason Leopold in its final response to his Freedom of Information Act (FOIA) request. *See* ECF No. 13-3 at 17-40. DOJ submitted to the court two declarations—one public and one under seal—explaining the redactions it made to the White Paper, which it argues were justified by FOIA Exemptions 1 and 3 under 5 U.S.C. § 552(b). The court has reviewed those declarations and has determined that *in camera* review of the White Paper would assist the court's *de novo* review of DOJ's asserted FOIA exemptions.

In FOIA cases, district courts must determine *de novo* whether an agency has properly withheld requested information under the exemptions set forth in the statute. 5 U.S.C. § 552(a)(4)(B). To assist in that determination, a court "may examine the contents of such agency records in camera." *Id.* This court is mindful that in national security cases, *in camera* review is a "last resort to be used only when the affidavits are insufficient for a responsible [d]e novo decision." *Hayden v. Natl. Sec. Agency/C. Sec. Serv.*, 608 F.2d 1381, 1387 (D.C. Cir.

1979) (internal citation omitted); *see also Physicians for Human Rights v. U.S. Dept. of Def.*, 675 F. Supp. 2d 149, 168 (D.D.C. 2009). Here, the court finds the redacted White Paper and the proffered declarations are insufficient to enable it to assess DOJ's invocation of FOIA Exemptions 1 and 3. Given that the inquiry centers on a single document and turns on the contents of that document, *in camera* review is likely to be especially helpful to the court and is likely to promote an efficient resolution of the pending dispute. *See Carter v. U.S. Dept. of Com.*, 830 F.2d 388, 393 (D.C. Cir. 1987) (internal quotation omitted) ("[W]hen the requested documents are few in number and of short length, in camera review may save time and money."); *Allen v. CIA*, 636 F.2d 1287, 1298-99 (D.C. Cir. 1980) ("An examination of the document would make totally unnecessary speculation and inference as to the contents of the document[.]").

Accordingly, it is hereby ordered that on or before July 27, 2015, Defendant shall make available to the court for *in camera* inspection an unredacted version of the White Paper, a redacted version of which was filed with the court as ECF No. 13-3, pages 19-40.

Dated: July 21, 2015

Amit P. Mehta
United States District Judge