UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Jason Leopold,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**Department of Justice,** )<br>)<br>**Defendant.** )<br>) | Civil No. 14-cv-00168 (APM) |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE AND MODIFYING ORDER DATED APRIL 25, 2016

Before the court is Plaintiff's Motion to Vacate Order and to Set a Schedule for Further Briefing ("Plaintiff's Motion"). ECF No. 42 [hereinafter Pl.'s Mot.]. Plaintiff's Motion asks the court to vacate its Order dated April 25, 2016 ("Order"), ECF No. 41 [hereinafter Order], which granted Defendant Department of Justice's Motion for Reconsideration, ECF No. 30. The court granted Defendant's Motion for Reconsideration because the Court of Appeals in *American Civil Liberties Union (ACLU) v. DOJ*, --- Fed. Appx. ---, No. 15-5217, 2016 WL 1657953 (D.C. Cir. Apr. 21, 2016), affirmed Defendant's redactions to the very same White Paper that is at issue in this case. *Id.* at *3. This court previously had ordered that some of the White Paper's redactions be disclosed to Plaintiff. *See* Mem. Op. and Order, ECF No. 27, at 23-24.

As a threshold matter, Plaintiff correctly points out that the court erroneously granted Defendant's Motion for Reconsideration, because the court lacked jurisdiction to do so in light of Defendant's filing of a notice of appeal. *See United States v. DeFries*, 129 F.3d 1293, 1302 (D.C. Cir. 1997) ("The filing of a notice of appeal, including an interlocutory appeal, 'confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case

involved in the appeal.'") (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, (1982) (per curiam)).  Instead, what the court should have done was issue an indicative ruling that it would grant the Motion for Reconsideration upon remand.  *See* Fed. R. Civ. P. 62.1(a).  The court, therefore, modifies its Order so as not to "grant[ ]" Defendant's Motion for Reconsideration, Order at 1, but to indicate that the court would grant that Motion upon remand.

       Plaintiff also asks the court to vacate its Order so that Plaintiff has an opportunity to brief whether the *ACLU* decision warrants reconsideration of the court's original decision.  Pl.'s Mot. 1-2.  The court declines to permit such briefing.  Federal Rule of Civil Procedure 54(b)'s "as justice requires" standard permits revision of a court's initial decision when, among other things, "a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the Court."  *Singh v. George Washington Univ.*, 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (quoting *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004)).  Whether or not the unpublished decision in *ACLU* is "controlling"—Plaintiff says it is not—is of no moment.  It is a "significant change in the law" in that it resolves the very issue that was litigated here:  Did Defendant properly withhold portions of the White Paper under FOIA Exemption 1?  The Court of Appeals unequivocally answered that question "yes" after "[h]aving carefully and thoroughly reviewed the CIA's classified affidavit," which described "in considerable detail, the records and the agency's reasons for withholding them."  *ACLU*, 2016 WL 1657953, at *3.  This court simply is not free to hold differently.  Additional briefing, therefore, would not be a wise use of the parties' or the court's resources.

For the foregoing reasons, Plaintiff's Motion to Vacate Order is denied and the court's Order dated April 25, 2016, is modified as described above.

Date:  May 9, 2016

Amit P. Mehta
United States District Judge